RAMIRO MORALES, SBN 167947
rmorales@mfrlegal.com
MARC J. DEREWETZKY, SBN 130944
mderewetzky@mfrlegal.com
MORALES FIERRO & REEVES
2151 Salvio Street, Suite 280
Concord, CA  94520
Telephone:  (925) 288-1776
Facsimile:   (925) 288-1856

Attorneys for Defendant
HDI GLOBAL SPECIALTY SE

UNITED STATES DISTRICT COURT

CENTRAL DSITRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HDI GLOBAL SPECIALTY SE,<br><br>        Plaintiff,<br><br>    v.<br><br>FINANCIAL PACIFIC INSURANCE COMPANY,<br><br>        Defendants. | CASE NO.<br><br>COMPLAINT FOR EQUITABLE CONTRIBUTION, DECLARATORY RELIEF AND DAMAGES<br><br>JURY TRIAL DEMANDED |

Plaintiff HDI GLOBAL SPECIALTY SE f/k/A INTERNATIONAL INSURANCE COMPANY OF HANNOVER ("HDI" or "Plaintiff") brings this complaint for equitable contribution and declaratory relief pursuant to 28 U.S.C. §1332 and 28 U.S.C. § 2201 et seq. against Defendant FINANCIAL PACIFIC INSURANCE COMPANY ("FPIC" or "Defendant") and in support thereof alleges as follows:

**JURISDICTION**

1. Jurisdiction is proper in this Court under federal diversity jurisdiction, 28 U.S.C. § 1332.  The parties are completely diverse in citizenship and the amount in controversy exceeds the statutory minimum of $75,000.

2. An actual case or controversy exists between the parties under Article III of the United States Constitution and 28 U.SC. § 2201, and HDI's claim for

declaratory relief is ripe for review under 28 U.S.C. §§ 2201 and 2202 in that there is a substantial, actual and present controversy between the parties to this action having adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## PARTIES

3.   At all times relevant herein, Plaintiff was and is an insurance company, engaged in the business of issuing commercial general liability insurance policies, domiciled and incorporated in the Country of Germany and thus is a foreign citizen for purposes of jurisdiction.

4.   At all times relevant herein, Defendant Financial Pacific Insurance Company ("FPIC" or "Defendant") was and is an insurance company domiciled in the State of California and incorporated in the State of Iowa, and thus a citizen of those states for purposes of jurisdiction.

## VENUE

5.   Venue in this Court is proper under 28 U.S.C. § 1391(a)(2) because a part of the events which are the subject and nexus of the claims asserted herein concern underlying claims in Orange County, California regarding alleged construction defects and property damage to real property and improvements thereon in Orange County, California.  Additionally, the alleged acts and/or omissions covered by the insurance contracts at issue herein took place in this judicial district.

## GENERAL ALLEGATIONS

6.   Plaintiff issued insurance policies including, but not limited to, policy numbers IG011003013-3 (effective October 13, 2014 to October 13, 2015) and IG012002553-04 (effective October 13, 2015 to October 13, 2016) affording liability insurance to Varner Construction, Inc. ("Varner") as named insured (the "HDI Policies").  Varner is a subcontractor which performed work on the Portola Hills Project ("Project"), located in Lake Forest, California.

/ / /

7.      Defendant issued insurance policy number 60418106, effective October 1, 2014 to October 1, 2016 ("the FPIC Policy") affording liability insurance to the following named insured: Thomas Bistline Construction, Inc. ("Bistline"). Bistline is a subcontractor which performed work on the Portola Hills Project.

8.      Bistline and Varner each entered into subcontracts with Sunrise Pacific Construction, Inc. ("Sunrise") and Baldwin & Sons, Inc. ("Baldwin") to perform certain erosion control work with respect to the Portola Hills Project.  During the course of Bistline's and Varner's work under the subcontracts, each allegedly negligently failed to install and maintain all best management practices and erosion control measures at the Project as required by the planning documents, applicable laws, rules and regulations.  The erosion control measures allegedly failed during rain events in the Autumn and Winter of 2015-2016.  As a result, the City of Lake Forest issued a Stop Work Order, a Notice of Violation, and a Cease and Desist Order and a Notice of Abatement for the damages to property allegedly caused by the deficient work.  In addition, the California Regional Water Quality Control Board issued Notices of Violation advising that Bistline's and Varner's failures led to property damage.  HDI is currently defending Sunrise and Baldwin against these claims as additional insureds under the HDI Policies and has contributed more than $150,000 toward the defense of those entities.

9.      By virtue of subcontracts entered into for work at the Portola Hills Project, Sunrise and Baldwin are also additional insureds under the FPIC Policies, and the allegations against Sunrise and Baldwin give rise to FPIC's duty to defend those entities.  A written tender of defense on behalf of Sunrise and Baldwin was sent to FPIC on or about February 6, 2017.  When FPIC failed to respond, follow up letters demanding that FPIC agree to defend Sunrise and Baldwin were sent on or about July 7, 2018, August 20, 2018, December 4, 2018, March 12, 2019, March 28, 2019, September 27, 2019, February 26, 2020 and March 9, 2020.  FPIC has not acknowledged its obligation to defend its additional insureds.  FPIC is not

participating in the defense of Sunrise or Baldwin as required under the FPIC Policies.

### FIRST CAUSE OF ACTION

Equitable Contribution

10. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

11. Defendant had and has an obligation to defend Sunrise and Baldwin and to contribute, on an equitable basis, toward all fees, costs and expenses Plaintiff has incurred and is continuing to incur to defend Sunrise and Baldwin against the claims described above.

12. Defendants have failed to contribute their fair and equitable share toward the fees and costs that have been incurred by Plaintiff in defending Sunrise and Baldwin against the subject claims. The amount due from Defendant for its fair and equitable share of attorneys' fees and costs will be according to proof at trial.

13. Defendant is obligated under principles of equity to reimburse Plaintiff for the fees and costs that it has inequitably incurred in defending Sunrise and Baldwin against the subject claims.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### SECOND CAUSE OF ACTION

Equitable Indemnity

14. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

15. Defendant has not paid its equitable share of the fees, costs and expenses incurred to defend Sunrise and Baldwin against the subject claims.

16. Plaintiff is entitled to reimbursement from Defendant of all sums Plaintiff has paid in excess of its equitable share in connection with Sunrise's and Baldwin's defense of the subject claims.

17. Defendant is obligated under principles of equity to indemnify Plaintiff for the fees and costs that it has inequitably incurred in defending Sunrise and Baldwin against the subject claims.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### THIRD CAUSE OF ACTION

Subrogation

18. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

19. Pursuant to the terms, conditions, exclusions and endorsements of Defendant's Policies, Defendants had a duty to defend Sunrise and Baldwin against the subject claims.

20. Defendant has not paid its equitable share of defense expenses in connection with the subject claims against Sunrise and Baldwin.  Therefore, Defendant owes amounts reimbursing Plaintiff for the fees and costs it has incurred in the defense of Sunrise and Baldwin against the subject claims.

21. Plaintiff is subrogated both by law and pursuant to the HDI Policies to the rights of Sunrise and Baldwin against Defendant with respect to its failure to provide for the defense of Sunrise and Baldwin against the subject claims.

22. Defendant breached its duty to defend Sunrise and Baldwin by failing to contribute to their defense fees and costs with respect to the subject claims.

23. As a result of Plaintiff's payment of attorneys' fees and costs as described herein, Plaintiff has the equitable right of subrogation and/or reimbursement from Defendant.

24. As a result of the breach of Defendant's legal and equitable duties, Plaintiff has sustained injury in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

# FOURTH CAUSE OF ACTION

## Declaratory Relief

25. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

26. Plaintiff contends, pursuant to the terms and endorsements of Defendant's Policies, as well as equitable principles, that Defendant had a duty to defend Sunrise and Baldwin in connection with the subject claims, and that Defendant has not contributed towards the defense of Sunrise or Baldwin with respect to the subject claims.

27. Plaintiff is informed and believes and on that basis alleges that Defendant denies that it had a duty to defend Sunrise and/or Baldwin against the subject claims and/or denies that it breached the duty to defend.  By virtue of these contentions, Defendant denies owing an obligation to contribute toward the defense of Sunrise and Baldwin with respect to the subject claims.

28. By reason of the foregoing, an actual controversy exists between the parties, requiring a declaratory judgment of this Court.

29. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties and obligations under Defendant's Policies.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## PRAYER FOR RELIEF

AS TO THE FOURTH CAUSE OF ACTION FOR DECLARATORY RELIEF:

1. For a declaration and determination that FPIC owed and continues to owe a duty to defend Sunrise and Baldwin with respect to the subject claims, and to reimburse HDI for defense fees and costs incurred on behalf of Sunrise and Baldwin in connection with the subject claims;

COMPLAINT                                                                                                   CASE NO:

2. For a declaration and determination as to the amount that FPIC must pay to satisfy its obligations;

3. For monetary damages according to proof at trial;

4. For interest; and

5. For all other relief the Court deems just and proper.

AS TO ALL CAUSES OF ACTION:

1. For monetary damages according to proof at trial;

2. For attorneys' fees;

3. For interest; and

4. For all other relief as the Court deems just and proper.

5. AS TO ALL CAUSES OF ACTION:  HDI demands a jury trial.

DATED:  August 24, 2020                    MORALES, FIERRO & REEVES

BY: _/s/ Marc Derewetzky_____
RAMIRO MORALES
MARC J. DEREWETZKY
Attorneys for Plaintiff, HDI GLOBAL SPECIALTY SE